UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| W.M. JAQUA, LLC; NNIN, LLC, | Case No.  2:21-cv-00672-CAS-GJS |
| Plaintiffs, | [PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER |
| v. | |
| TRANSAMERICA LIFE INSURANCE COMPANY, | |
| Defendant. | |

## 1.      PURPOSES AND LIMITATIONS/GOOD CAUSE STATEMENT

Discovery in this action is likely to involve production of confidential and proprietary actuarial, business, technical, and financial information as well as private information of Plaintiffs W.M. JAQUA, LLC and NNIN, LLC ("Plaintiffs") or the insured for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, Plaintiffs and Defendant Transamerica Life Insurance Company ("TLIC") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3 (Filing Protected Material), below, that this Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 and the Court's Guide to Electronically Filing Under Seal Documents in Civil Cases set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL

or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**2.** <u>**DEFINITIONS**</u>

2.1 <u>Acknowledgment</u>: the "Acknowledgment and Agreement to be Bound" form attached as Exhibit A to this Order.

2.2 <u>Action</u>: *W.M. JAQUA, LLC and NNIN, LLC v. Transamerica Life Insurance Company*, Case No. 2:21-cv-00672-CAS-GJS.

2.3 <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.4    "CONFIDENTIAL" Information or Items: Confidential proprietary or commercially sensitive business and financial information, trade secrets, and personal information which is not generally known or publicly available and which the Designating Party would not normally reveal to third parties or information that otherwise meets the standard for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential non-public manner, and there is good cause why it should not be part of the public record of this Action.

2.5    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6    Designating Party: A Party or Non-Party that designates information or items that it produces or that are produced in disclosures or in response to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY."

2.7    Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action and who is not a past or current employee of a Party or a current employee of a Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.9   "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY"
Information or Items: Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10   House Counsel: Attorneys who are employees for a Party or of an entity that owns an interest in a Party and is responsible for controlling or directing the litigation.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12   Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.13   Party: Any party to this Action, including its House Counsel, officers, directors, employees, consultants, and retained experts.

2.14   Parent: An entity that owns, or conducts the business affairs of, the Receiving Party and is responsible for controlling and directing the litigation.

2.15   Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.16   Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing or retrieving data in any form or medium) and their employees and subcontractors.

2.17   Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY."

2.18   <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.19   <u>Related Actions</u>: *Feller v. Transamerica Life Insurance Co.*, No. 2:16-cv-01378-CAS-GJSx (C.D. Cal. filed Feb. 28, 2016) ("*Feller*"); *EFG Bank AG Cayman Branch, et al. v. Transamerica Life Insurance Co.*, Case No. 2:16-cv-08104-CAS-GJSx (C.D. Cal. filed Oct. 31, 2016) ("*EFG*").

**3.   SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel or their Experts that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.   DURATION**

FINAL DISPOSITION of the action is defined as the conclusion of any appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal has run.  Except as set forth below, the terms of this Order apply through FINAL DISPOSITION.  The parties stipulate that they will be contractually bound by the terms of this agreement beyond FINAL DISPOSITION, and that they will have to file a separate action for enforcement of the agreement once FINAL DISPOSITION of the action occurs.

Once a case proceeds to trial, information that was designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See*

*Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

While mass, indiscriminate or routinized designations are prohibited, the Parties recognize that manually analyzing and designating large numbers of documents one-by-one for confidentiality can be an unduly burdensome task.  The Parties agree that each Party may reasonably rely on metadata information and good-faith searches to designate documents for protection.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY", to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) any Party may designate as Protected Material testimony given in a deposition or in other pretrial or trial proceedings by informing the reporter during the deposition or by sending a letter to all Outside Counsel of Record and to the deposition reporter designating by page and line any portions of the transcript to be so restricted, or the entire transcript if applicable, within thirty (30) days after

1    receiving the deposition transcript and specifying the level of protection being

2    asserted.

3          During this 30-day period, a transcript will be treated as if it had been

4    designated "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" in its

5    entirety unless otherwise agreed.  After the expiration of that period, the transcript

6    shall be treated only as actually designated.

7          When deposition testimony is designated Protected Material by informing the

8    reporter during the deposition, the transcript containing Protected Material shall

9    have an obvious legend on the title page that the transcript contains Protected

10   Material, and the title page shall be followed by a list of all pages (including line

11   numbers-as appropriate) that have been designated as Protected Material and the

12   level of protection being asserted by the Designating Party.  The Designating Party

13   shall inform the court reporter of these requirements.

14         Parties shall give the other parties notice if they reasonably expect a

15   deposition, hearing, or other proceeding to include Protected Material so that the

16   other parties can ensure that only authorized individuals who have signed the

17   Acknowledgment are present at those proceedings.  The use of a document as an

18   exhibit at a deposition shall not in any way affects its designation as

19   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES

20   ONLY."

21               (c) for information produced in some form other than documentary and

22   for any other tangible items, that the Producing Party affix in a prominent place on

23   the exterior of the container or containers in which the information is stored the

24   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS'

25   EYES ONLY."  If only a portion or portions of the information warrants protection,

26   the Producing Party, to the extent practicable, shall identify the protected portion(s).

27         5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

28   failure to designate qualified information or items does not, standing alone, waive

1  the Designating Party's right to secure protection under this Order for such

2  material. Upon timely correction of a designation, the Receiving Party must make

3  reasonable efforts to assure that the material is treated in accordance with the

4  provisions of this Order.

5       5.4   Protected Health Information.  Additionally, certain Confidential

6  Information or Items may be Protected Health Information ("PHI") as defined by

7  the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the

8  regulations promulgated thereunder at 45 CFR 160.103.  Without limiting the

9  generality of the foregoing, "PHI" includes, but is not limited to, health

10  information, including demographic information, relating to either, (a) the past,

11  present or future physical or mental condition of an individual, (b) the provision of

12  care to an individual, or (c) the payment for care provided to an individual, which

13  identifies the individual or which reasonably could be expected to identify an

14  individual.  All "covered entities" (as defined by 45 CFR 160.103) are hereby

15  authorized to disclose PHI to all attorneys now of record in this Action or who may

16  become of record in the future in this Action.  Subject to the Federal Rules of Civil

17  Procedure, and without prejudice to any Party's objection except as otherwise

18  provided herein, the Parties are authorized to receive, subpoena, transmit, or

19  disclose PHI relevant to the claims at issue in this Action, subject to all terms of

20  this Order.  All PHI disclosed under this Order must be designated as Confidential

21  Information pursuant to this Order.  A Receiving Party which receives PHI in

22  discovery shall not use or disclose such PHI for any purpose other than this Action.

23  To the extent documents or information produced in this Action have already been

24  exchanged or will again be exchanged between the Parties in the normal course of

25  business, treatment of such documents prior to or after the conclusion of this Action

26  shall be governed by this Order.

27       5.5   Specific Provisions Concerning the Disclosure of Personally

28  Identifiable Information ("PII").  When PII (e.g., names, addresses, Social Security

numbers, phone numbers, etc.) is disclosed between the Parties as authorized by this Order, the PII of any individuals whose claims are not at issue in this lawsuit and who are otherwise identified in the Discovery Material may either be redacted to protect the identity of such individuals, or produced without redactions.  Upon receipt of any PII, a Receiving Party shall take all reasonable measures necessary for protecting the PII from unauthorized disclosure as required under both state and federal law.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous designations or challenges, and those designations or challenges made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the respective Designating Party or Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the

material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Notwithstanding anything in this Order, to the extent documents produced by TLIC in this Action were originally produced in *Feller* using the *Feller* Bates numbers or *EFG* using the *EFG* Bates numbers, and depositions taken against TLIC or TLIC-affiliated witnesses in the Related Actions, such documents and depositions will be produced in this Action in accordance with the procedures agreed to by the parties in the Stipulated Order Regarding Electronically Stored Information and Document Production where applicable, as well as the Federal Rules of Civil Procedure and the Federal Rules of Evidence as to admissibility. The treatment of Confidential Material in those documents and depositions in this Action will be governed by this Order.  The Parties further stipulate that Confidential Information produced by TLIC in the Related Actions only but excluded from this Action (i.e., Owner Specific Documents) may be disclosed to Outside Counsel of Record for Plaintiffs subject to the terms of this Agreement for the sole purpose of reviewing transcripts from depositions taken in the Related Actions and reducing litigation costs incurred through document hosting platforms.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Receiving Party, including officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) the Receiving Party's Parents' officers, directors, employees, or consultants, advisors, insurers and/or reinsurers (1) to whom disclosure is reasonably necessary for this Action, and (2) who have signed the Acknowledgment;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment;

(e) the Related Actions plaintiffs' counsel only as to Protected Material in or deriving from documents with a *Feller* or *EFG* Bates number if such Protected Material already has been disclosed to such counsel;

(f) the Court and its personnel;

(g) court reporters and their staff;

(h) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment;

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the Acknowledgment; and (2) they will not be permitted to keep any confidential information unless they sign the Acknowledgment, unless otherwise agreed by the Designating Party or ordered by the Court; and

(k) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions and who have signed the Acknowledgment.

7.3     Disclosure of "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) House Counsel and up to five additional officers, directors, employees, consultants, advisors, insurers and/or reinsurers of TLIC if it is a Receiving Party, or Plaintiffs, combined, if they are a receiving party, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A).  A House Counsel who is a member of the Bar of any state in the United States need not sign the Acknowledgment.

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment;

(d) the Related Actions plaintiffs' counsel only as to Protected

Material in or deriving from documents with a *Feller*, or *EFG* Bates number if such Protected Material already has been disclosed to such counsel;

(e) the Court and its personnel;

(f) court reporters and their staff;

(g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided the witness signs the Acknowledgment; and

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions and who have signed the Acknowledgment.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order;

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected; and

(d) otherwise comply with any applicable HIPAA rules or regulations with respect to any response or production in connection with a discovery request or subpoena.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.**   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgment.

**11.**   **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection

(*e.g.*, work product immunity), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the parties agree that the inadvertent or unintentional disclosure by the Producing Party of material that is privileged or subject to other protection shall not be deemed a waiver in whole or in part of the claim of privilege or other protection, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.

Upon learning of an inadvertent or unintentional disclosure of privileged information, the Producing Party shall provide written notice to the parties who have received such information. If the Receiving Party does not timely challenge the assertion of privilege, then within ten business days of the date of that written notice, the documents or materials described in that notice ("Privileged Documents") shall be returned to counsel for the Producing Party or destroyed by the Receiving Party, and in the same time frame, any notes or other writing or recordings that copy, summarize, reflect, or discuss the content of the Privileged Documents ("Privileged Notes") shall be destroyed by the Receiving Party. No use shall be made of such documents or materials from such inadvertent production during deposition or at trial, nor shall such documents or materials be provided to anyone who did not already have access to them prior to the request by the Producing Party that they be returned.

If the Receiving Party intends to challenge the assertion of privilege, it must provide written notice within this ten-day period explaining the grounds for its challenge, initiate the dispute resolution process under Local Rule 37.1, and sequester the Privileged Documents and Privileged Notes.

If the Parties cannot resolve a challenge without court intervention, the Receiving Party may move the Court for an order compelling production of any

Privileged Documents in compliance with Local Rule 37, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure. Pending the Court's ruling, the party challenging the assertion of privilege shall sequester the Privileged Documents and Privileged Notes and shall not make any use of such information.

**12.   MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**13.   FINAL DISPOSITION**

After the final disposition of this Action, as defined in Section 4 (DURATION), within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, except such material that exists on back-up tapes or similar storage and systems, in which case such material need not be immediately deleted or destroyed, and instead, should be overwritten and destroyed in the normal course of business. Until that material is overwritten and destroyed in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to

the persons necessary to conduct routine IT and cybersecurity functions. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: September 21, 2021          ARENT FOX LLP


By: /s/ Franjo M. Dolenac
    Michael Cryan
    Franjo M. Dolenac

Attorneys for Plaintiffs
W.M. JAQUA, LLC and NNIN, LLC

Dated: September 21, 2021          McDOWELL HETHERINGTON LLP


By: /s/ Hutson B. Smelley
    Hutson B. Smelley

Attorneys for Defendant
TRANSAMERICA LIFE INSURANCE
COMPANY

1        I, Hutson B. Smelley, in accordance with Local Rule 5-4.3.4, attest that all

2   other signatories listed, and on whose behalf this filing is submitted, concur in the

3   filing's content and have authorized the filing.

4

5   Dated: September 21, 2021               /s/ Hutson B. Smelley

6                                          Hutson B. Smelley

7        **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

8

9   Dated: <u>September 23, 2021</u>

10                      HON. GAIL J. STANDISH

                    United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____ [date] in the case of *W.M. JAQUA, LLC and NNIN, LLC v.*

*Transamerica Life Insurance Company*, Case No. 2:21-cv-00672-CAS-GJS. I agree

to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Stipulated Protective Order. I further agree to submit to the

jurisdiction of the United States District Court for the Central District of California

for enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action. I hereby appoint

_____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____